### WILLIAMS v STATE.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9735. Decided Dec. 17, 1928.

R T Mills, Cleveland, for Williams.
E A Picciano, Cleveland, for State.

**VICKERY, J.**

The main error urged is that the indictment did not state an offense within the meaning of the statutes of Ohio and that a demurrer to the indictment which was made should have been sustained, but was overruled, to which ruling an exception was taken. Evidence was introduced and plaintiff in error, the defendant below, did not cross examine any of the witnesses, nor did he get on the witness stand himself, nor did he put any witness upon the witness stand, so the record as it stands is unchallenged and it is a record which is amazing, and we do not wonder that the defendant did not get upon the witness stand. Perhaps fifty years ago the purely technical grounds upon which this reversal is urged might have been heeded, but we have gone a long ways from that proposition and courts are not inclined to reverse cases because of mere superficial technicalities when justice has been done in the main by the decision of the courts. In this case no one can come to any conclusion but that the plaintiff in error was guilty of the grossest indecency and then blackmailed his victim to the extent of $2700 or more; and he did it so boldly and so brazenly that it is almost inconceivable that such a thing could happen in a City like Cleveland. There is no doubt from this record that the plaintiff in error got only what was coming to him, and the record shows, without any equivocation, or without any mitigating circumstances that he induced the prosecuting witness to commit the felony with him and on him, and then used this as a basis for exacting money from his dupe.

We do not see that there is any error in this record that will warrant us in reversing the case. The judgment will, therefore, be affirmed.

Sullivan, P J and Levine, J, concur.