## BOUGHNER v STATE

Ohio Appeals, 7th Dist, Monroe Co

Decided May 1, 1929

Messers. Kremer & McKisson, Woodsfield, for Boughner.

Hon. John K. Sawyers, Woodsfield, for State.

FARR, J.

By examination, it will be observed that in copying the letter into the indictment, the word "be" was omitted, and the date "1928", and it is insisted that this constitutes such a variance as to warrant a reversal.

Section 13581 GC, provides that defects shall not invalidate an indictment.

In the case of **Lytle v. The State of Ohio, 31 OS., 196,** the first proposition of the syllabus reads as follows:-

(Here follows quotation)

And in the opinion of Gilmer, J., at page 199, it is observed as follows:-

(Here follows quotation)

Another case of interest in this connection is that of **Williams v. State, 7 Abs., 52.** The opinion is by Vickery, J. of the Court of Appeals of Cuyahoga County, and, in the opinion, it is said:-

"Perhaps fifty years ago the purely technical grounds upon which this reversal is urged might have been heeded, but we have gone a long ways from that proposition, and courts are not inclined to reverse cases because of mere superficial technicalities when justice has been done in the main by the decision of the courts."

and the foregoing reflects the spirit of the current decisions relating to technical defects in indictments.

In the instant case, the two defects about which complaint is made are purely technical, and would scarcely result in prejudice to the accused because the meaning is perfectly clear with the two words omitted. However, there is another reason which will later be given why these defects were not material.

The next assignment for error is that the trial court erred in permitting the introduction of the affidavit made by Boughner against Ward, and upon the theory that the record would have been the best evidence. However, no prejudice resulted in this behalf because the record and the affidavit are the same, and consequently, the admission of the affidavit does not constitute reversible error.

Next, it is urged that no offense was committed by Boughner in writing the letter to Ward, because it is claimed that it does not contain any threat. However, the meaning of the writer cannot be mistaken.

After some preliminary observations with reference to the fine and costs imposed upon him, he says:-

"You have until Aug. 18, 1928, to accept or reject this proposition."

and the proposition was that Maury and Ward should pay his fine and costs, if they preferred so to do, instead of paying a fine of $100.00 and costs each on a selling charge, which simply means that if they did not pay his fine and costs, that he would prefer, or have preferred a selling charge against them, and which constitutes a threat, and which no one would necessarily misunderstand.

Section **13384 GC** provides in part as follows:-

(Here follows quotation)

In the case of **Jones v. The State of Ohio, 14 C. C., 363,** it is held in the first paragraph of the syllabi in part as follows:-

(Here follows quotation)

In view of the foregoing, it is clear that Boughner violated not only the spirit, but the precise provision of the statute, and, therefore, the letter was a sufficient basis for the indictment.

It is claimed that the last paragraph of the charge constitutes reversible error, and where the trial court says:

"You must all agree to reurn a verdict of guilty."

It is said that the jury may have understood this to mean that it was enjoined upon them that in any event, they should rteurn a verdict of guilty. This language is hardly susceptible of such interpretation, and the jury would hardly believe that the Court was instructing it to find the defendant guilty, but however, and in any event, Boughner, at page 19 of the record, in answer to a question, says:-

"Q—Mr. Boughner, I will ask you to state whether or not you wrote this letter, which was identified as the envelope A, and contents of the same B and C?"

He replied:-

"A—Yes, sir."

and regardless of any errors that may have intervened, a verdict and finding of guilty by the jury was proper, for the reason that he admits that he wrote the letter which is the basis of the indictment, and fairly construed, is sufficient to sustain such indictment.

For the reasons given, the judgment is affirmed.

Pollock and Roberts, JJ, concur.